MICHAEL OLIVER *v.* GEORGE W. BRUCE.

**Promissory Note—Assignment—Diligence—Insolvency.**

The failure to issue an execution for ten days after it might have been done, is such want of diligence as will exonerate the assignor; and the proof of insolvency, when the execution was delivered to the sheriff, cannot dispense with diligence in issuing it.

APPEAL FROM LEWIS CIRCUIT COURT.

February 11, 1368.

OPINION OF THE COURT BY JUDGE ROBERTSON:

A long series of adjudications by this court have conclusively defined a rule peculiarly stringent for determining the diligence required of an assignee of a promissory note by the implied contract of assignments, in every phase of circumstances and the principle thus authoritatively fixed and applied, sustained the judgment of the circuit court. The failure to issue execution for ten days after it might have been issued, without a satisfactory explanation of the delay, has been adjudged such a want of legal diligence as to exonerate the assignor.

The explanation of the delay in this case fails to show ordinary diligence by either the assignee or his counsel; and the clerk testified that, had an execution been ordered at any time after it could have been legally issued, he would have issued it forthwith, but that no such order or request was ever made.

The obligor seems to have been shuffling off his property about the time when the judgment was rendered. And the proof of his ostensible insolvency when the execution was delivered to the sheriff cannot dispense with diligence in issuing the execution any more than it would have dispensed with any execution at all. Legal diligence and official proof or insolvency combined can alone hold the assignor responsible *ita lex scripla.*

Wherefore, the judgment is affirmed.

*Thomas & Phister, for appellant.*

*Wadsworth, for appellee.*